# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| WILSON NEELY, | ) | |
| Plaintiff, | ) ) ) | |
| VS. | ) ) | No. 2:17-cv-2064-JDT-cgc |
| AARON BONDS, ET AL., | ) ) ) | |
| Defendants. | ) | |

## ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On January 30, 2017, Plaintiff Wilson Neely, who is incarcerated at the Riverbend Maximum Security Institution in Nashville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court issued an order granting Neely leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(a)-(b). (ECF No. 5). The complaint concerns events that occurred while Neely was housed at the West Tennessee State Penitentiary (WSTP) in Henning, Tennessee. The Clerk shall record the Defendants as inmates Aaron Bonds, Demarterio Buckler, Jonathan Douglas, Jimmy Gibson, Deshawn Tate, and Patrick Dunn; former WTSP Warden James M. Holloway; the WTSP; and Tennessee Department of Correction (TDOC) Commissioner Tony Parker.[1] The Defendants are sued in both their individual and official capacities.

---

[1] The complaint also purports to sue "John and Jane Doe" defendants. Service of process cannot be made on an unidentified party. The filing of a complaint against a "John Doe"

Neely's complaint includes a large number of legal arguments or conclusions and few allegations of fact. For purposes of its screening analysis, the Court must focus on Neely's factual allegations. Neely alleges that on January 30, 2016, he received multiple stab wounds after being attacked by gang-affiliated inmates Dunn, Gibson, Buckler, Tate, and Bonds. (ECF No. 1 at 8.) Neely was taken to the infirmary for treatment of his injuries and then transferred to the Regional Medical Center in Memphis, Tennessee. (*Id.*)

Neely now seeks to hold the Defendants liable for the attacks. In addition to naming as Defendants the inmates who allegedly perpetrated the attack, Neely also contends that WTSP officials failed to protect him from the attack. (*Id.* at 9.) Neely alleges there have been numerous gang-related stabbings at WTSP. (*Id*. at 11.) He claims that he received threats to his personal safety and repeatedly requested to be placed in protective custody; however, those requests allegedly were denied by the WTSP Unit Manager and by Defendant Holloway. (*Id*. at 11-12.) According to Neely, Warden Holloway failed to take any steps to increase protection for all the inmates and guards at WTSP. (*Id.*) On the particular occasion of the attack on Neely, Neely alleges that unnamed correctional officers had prior knowledge the attack was going to occur. (*Id.* at 13.) Additionally, Neely claims that WTSP officials, in some unspecified manner, helped, directed, and permitted inmates Dunn, Gibson, Buckler, Douglas, Tate, and Bonds to be in a position to attack Neely. (*Id.* at 14.) More generally, Neely contends that WTSP does not have adequate staff to protect inmates from assault. (*Id.* at 15.) He seeks both compensatory and punitive damages. (*Id.* at 17.)

---

defendant does not toll the running of the statute of limitation against that party. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996).

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements"

and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Neely filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

As a threshold matter, Neely cannot hold his fellow inmates liable for the violation of his constitutional rights. Defendants Bonds, Buckler, Douglas, Gibson, Tate, and Dunn are private citizens. Therefore, they cannot act under color of law for purposes of § 1983. Generally, to be considered to have acted "under color of state law," an individual must be a state or local government official or employee. A private party may act under color of state law to establish the first element of this cause of action only when the party "acted together with or . . . obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974). However, the mere fact that these Defendants are inmates in the custody of the State of Tennessee does not transform them into state actors.

Neely has named TDOC Commissioner Tony Parker as a Defendant. However, Neely's complaint contains no specific allegations about Commissioner Parker. When a complaint fails to

allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Neely also has no claim against Defendant Parker, or against Defendant Holloway, merely because of their respective positions as TDOC Commissioner and WTSP Warden. Under § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

> There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

*Bellamy*, 729 F.2d at 421 (citation omitted). A supervisory official, who is aware of the unconstitutional conduct of his subordinates, but fails to act, generally cannot be held liable in his individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006). In addition, a failure to take corrective action in response to an inmate grievance or complaint does not supply the necessary personal involvement for § 1983 liability. *See George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional] violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.").

5

The complaint in this case does not adequately allege that Defendants Parker or Holloway, through their own actions, violated Neely's rights. As stated, there are no factual allegations at all concerning Defendant Parker. As to Defendant Holloway, Neely alleges only that the Warden failed to take steps to increase the safety of all inmates and guards at the WTSP. That allegation alone would not support § 1983 liability for the attack on Neely.

Neely's claims against the WTSP, a state prison, and against Defendants Parker and Holloway in their official capacities, must be treated as claims against the State of Tennessee. As such, they are barred by sovereign immunity. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va. Office for Protection & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). Tennessee has not waived its sovereign immunity. *See* Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

For the foregoing reasons, Neely's complaint is subject to dismissal in its entirety for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").

In this case, Neely has alleged that other unidentified prison officials were aware the attack against him would occur and failed to protect him. The Court finds that Neely should have an opportunity to file an amended complaint to identify these officials and plead the particulars of how they were aware of the risk to Neely and failed to protect him. Therefore, the Court will grant Neely leave to file an amended complaint but only as to his claim against the unnamed officials and their failure to protect him.

In conclusion, the Court Neely's complaint is DISMISSED for failure to state a claim on which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b(1). However, Neely is GRANTED leave to file an amended complaint to elaborate on his claim for failure to protect. Any amendment must be filed within twenty-one days after the date of this order. Neely is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The text of the complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original

complaint. Each claim for relief must be stated in a separate count and must identify each defendant sued in that count. If Neely fails to file an amended complaint within the time specified, the Court will assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment.

IT IS SO ORDERED.

                                             s/ **James D. Todd**
                                             JAMES D. TODD
                                             UNITED STATES DISTRICT JUDGE