UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| WILSON NEELY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| VS. | )    No. 17-2064-JDT-cgc |
| | ) |
| AARON BONDS, ET AL., | ) |
| | ) |
|     Defendants. | ) |

ORDER GRANTING MOTION TO RECONSIDER,
SETTING ASIDE JUDGMENT AND RE-OPENING CASE,
AND EXTENDING TIME TO FILE AMENDED COMPLAINT

Plaintiff Wilson Neely, a prisoner acting *pro se*, filed this action pursuant to 42 U.S.C. § 1983. The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 5.) Neely also was directed to notify the Court immediately of any change of address and warned that failure to do so could result in dismissal of this case without further notice. (*Id.* at 3.)

On January 30, 2019, the Court dismissed the complaint for failure to state a claim but granted leave to file an amended complaint within 21 days. (ECF No. 9.) The order notified Neely judgment would be entered if he did not file a timely amendment. (*Id.* at 8.) However, the copy of the January 30th order sent to Neely was returned undeliverable on February 7, 2019. (ECF No. 10.) When Neely did not file an amendment by the

deadline, the Court issued an order directing the Clerk to prepare a judgment, which was entered on February 26, 2019. (ECF Nos. 11 & 12.)

On April 10, 2019, the Clerk received and docketed Neely's motion for reconsideration, which was signed by Neely on March 25, 2019. (ECF No. 13.) In his motion, Neely states he was moved from the Riverbend Maximum Security Institution (RMSI) to the Shelby County Criminal Justice Center on January 28, 2019, for a court appearance; he was not returned to the RMSI until February 18, 2019. Neely further states that when an inmate is temporarily out to court, prison staff usually keep any legal mail and deliver it when the inmate returns. However, on this particular occasion, RMSI staff did not keep the legal mail Neely received from this Court. In addition, the RMSI staff did not tell Neely he had received legal mail that had been returned to the sender. (*Id.* at 2.)

According to the January 30th order of dismissal with leave to amend, Neely's deadline for mailing an amended complaint was February 20, 2019. Neely asserts that if the RMSI staff had kept his legal mail and given it to him immediately when he returned on February 18th, he at least would have been able to mail a motion for an extension of time by the February 20th deadline. (*Id.* at 2-3.) Instead, Neely apparently was unaware of the January 30th order until he received the order and judgment entered February 26th.

The Court construes Neely's motion as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). Pursuant to Rule 60(b), "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons":

(1)   mistake, inadvertence, surprise, or excusable neglect;
(2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

2

(3) fraud . . . , misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

"Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001).

Here, Neely's motion establishes that he is entitled to relief under 60(b)(1) because the reasons he gives for his failure to file an amended complaint amount to inadvertence or excusable neglect. Therefore, Neely's motion to reconsider is GRANTED. The judgment is hereby SET ASIDE, and this case is RE-OPENED. Neely shall have 21 days after the entry of this order to file an amended complaint as directed in the January 30, 2019, order. He is again warned that failure to do so in a timely manner will result in the entry of judgment based on the prior order of dismissal.

Because Neely does not indicate whether he has been able to obtain a copy of the January 30th order, (ECF No. 9), the Clerk is directed to mail him another copy of that order.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE