UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| WILSON NEELY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 17-2064-JDT-cgc |
| | ) |
| AARON BONDS, ET AL., | ) |
| | ) |
| Defendants. | ) |

ORDER DISMISSING AMENDED COMPLAINT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

Plaintiff Wilson Neely filed a *pro se* complaint under 42 U.S.C. § 1983. (ECF No. 1.) On January 30, 2019, the Court dismissed the complaint *sua sponte* and granted Neely leave to amend within 21 days. (ECF No. 9.) When Neely did not file a timely amendment, the Court directed the Clerk to prepare and enter judgment. (ECF Nos. 11 & 12.) Neely subsequently filed a motion to reconsider the entry of judgment. (ECF No. 13.) On May 31, 2019, the Court granted reconsideration, set aside the judgment, and gave Neely an additional 21 days to file an amended complaint. (ECF No. 14.) Neely filed his amendment on June 21, 2019. (ECF No. 15.)

The legal standards for assessing the claims in an inmate's complaint were set forth in the prior order of dismissal, (ECF No. 9 at PageID 160-61), and will not be reiterated here.

Neely's amended complaint repeats and elaborates somewhat on the allegations in his original complaint concerning the West Tennessee State Penitentiary (WTSP). He again alleges that Defendant James M. Holloway, former WTSP Warden, and Defendant Tony Parker,

Commissioner of the Tennessee Department of Correction, failed to take adequate measures to protect him from assault by the six inmate Defendants. Neely alleges Holloway and Parker and unnamed WTSP staff were well aware the WTSP had for several years had a serious problem with gang violence. (ECF No. 15 at PageID 181-82.) WTSP staff allegedly also were "well aware of the Defendants' actions prior to assaulting Plaintiff." (*Id.* at PageID 181.) Neely alleges the WTSP was under-staffed at the time of the assault because many inmates were in the process of being transferred so part of the facility could be transitioned to a women's prison. (*Id.* at PageID 181, 183.)

The amended complaint still does not allege that either Holloway or Parker had sufficient personal knowledge of the specific threat to Neely's safety to support § 1983 liability. Furthermore, Neely still fails to identify and name as a defendant any member of the WTSP staff who knew the attack against him would occur and yet failed to protect him.

For the same reasons discussed in its previous order, the Court DISMISSES Neely's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to further amend is DENIED.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Neely in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Neely would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Neely nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good

faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)-(b). Therefore, Neely is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Neely, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE